The relief described hereinbelow is SO ORDERED

Done this 22nd day of October, 2020.

*Bess M. Parrish Creswell*

Bess M. Parrish Creswell
United States Bankruptcy Judge



_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

In Re:  Case No: 19-11479-BPC

Amy Marie Vinson

    Debtor

### ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY
### FILED BY PLANET HOME LENDING, LLC

This matter coming before the Court on the Motion for Relief from Automatic Stay filed by PLANET HOME LENDING, LLC (hereinafter "Creditor"), and this Court being informed of the agreement of the parties hereto, it is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. The post-petition mortgage payments through October 1, 2020 plus the attorney fees and costs in connection with Creditor's Motion for Relief from Stay are calculated below:

   | | |
   |---|---:|
   | 1 payment @ $1,240.66 for 03/20: | $1,240.66 |
   | 4 payments @ $1,244.55 for 04/20 to 07/20: | $4,978.20 |
   | 3 payments @ $1,388.97 for 08/20 to 10/20: | $4,166.91 |
   | Attorney Fees and Costs for MFR: | $831.00 |
   | Less Suspense: | ($308.79) |
   | Total: | $10,907.98 |

2. The Creditor shall file a post-petition claim for the **TOTAL POST-PETITION ARREARAGE** of $10,907.98.

3. The Chapter 13 Plan payments are hereby increased to $667.00 monthly.

4. The fixed payments to the Creditor for the post-petition arrears is $233.00.

5. The Motion for Relief from Stay filed by PLANET HOME LENDING, LLC is hereby conditionally denied. However, should the Debtor default under the mortgage agreement between the parties beginning November 1, 2020, the Motion for Relief from Stay is granted if the Creditor gives the Debtor and the Debtor's attorney twenty (20) days written notice of opportunity to cure. If the default is not cured within twenty (20) days from the date the notice is issued, then the stay shall lift without further Order from the Court. Further, the Creditor is allowed to communicate with the Debtor any communication required under the note and mortgage or under state law. Waiver of default shall not constitute waiver of subsequent default. The Debtor is responsible for reasonable attorney fees involved in the enforcement of this Order.

6. If relief from the automatic stay under 11 U.S.C. § 362 becomes effective, this Creditor is thereafter entitled to enforce any and all of its right, title, interest in and to the subject property under applicable non-bankruptcy law. The filing and service of Notice of Payment Change and/or Notices of Post-Petition Fees, Expenses, and Charges, as described by FRBP 3002.1(b) and FRBP 3002.1(c) are not required once relief from the automatic stay under 11 U.S.C. § 362 is triggered and becomes effective. Upon entry of this Order granting relief from the automatic stay under 11 U.S.C. § 362, the 14-day stay of Rule FRBP 4001(a)(3) is waived.

### END OF ORDER ###

This Order was reviewed and agreed to by counsel for the debtor and the Chapter 13 Trustee.

Order drafted by:

Stephen Bulgarella
Tiffany & Bosco, P.A.
2311 Highland Avenue South, Suite 330
Birmingham, Alabama 35205
Telephone: 205-918-5083
sfb@tblaw.com

Order consented by:

Sabrina L. McKinney
Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101
334-262-8371
Trustees_office@ch13mdal.org

Order consented by:
Spencer W. Jones
Brock & Stout, LLC
P.O. Box Drawer 311167
Enterprise, AL 36331
334-393-4357
bankruptcy@brockandstoutlaw.com